Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2460 | **DATE** | 8/29/2001 |
| **CASE TITLE** | UNITED STATES FIDELITY AND GUARANTY vs. THE JOHN BUCK COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 9/13/01 at 9:30 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment on its duty to defend the Allstate claim [18-1] is denied, and defendants' motion for summary judgment on its duty to defend the Allstate claim [21-1] is also denied. Plaintiff's motion for summary judgment [7-1] is granted. USF & G did not have a duty to defend John Buck on Arvans' claim for emotional distress under the ELI Policy. Defendants' motion for summary judgment [10-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 3 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 28 |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 01 AUG 30 PM 6: 25 | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| UNITED STATES FIDELITY AND GUARANTY COMPANY, | |
| Plaintiff, | Case No. 00 C 2460 |
| v. | The Honorable John W. Darrah |
| THE JOHN BUCK COMPANY and BUCK MANAGEMENT GROUP, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff United States Fidelity and Guaranty Company ("Plaintiff" or "USF & G") has filed an Amended Complaint seeking a declaratory judgment that it has no duty to defend or indemnify Defendants John Buck Management Company and Buck Management Group ("Defendants" or "John Buck") in litigation filed by a former Buck employee, Michael Arvans ("Arvans"). Plaintiff has filed two motions for summary judgment on both claims. Defendants have filed cross-motions for summary judgment on both claims. For the reasons that follow, Plaintiff's Motion for Summary Judgment on its duty to defend the Allstate claim [18] is DENIED, and Defendants' Motion for Summary Judgment on its duty to defend the Allstate claim [21] is also DENIED. Plaintiff's Motion for Summary Judgment on its duty to defend John Buck on Arvans' claim for emotional distress under the Employers Liability Policy ("ELI policy") [7-1] is GRANTED. Defendants' Motion for Summary Judgment [10] is DENIED.

-1-

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses..." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the Court why there is no genuine issue of material fact, the non-moving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate through specific evidence that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the non-moving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986); *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-250.

# BACKGROUND

The undisputed facts taken from the parties' Local Rule 56.1(a) & (b) statements of material facts (referred to herein as "Pl.'s 56.1" and "Def.'s 56.1") and exhibits are as follows.

Plaintiff USF & G is an insurance company incorporated in the state of Maryland with its principal place of business in the State of Minnesota. (Pl.'s 56.1 ¶ 1). Defendants, the John Buck Company and the John Buck Management Group, L.L.P. (hereinafter collectively referred to as "John Buck"), are incorporated in the State of Illinois with their principal places of business located in the State of Illinois. (Pl.'s 56.1 ¶ 2).

At all relevant times, John Buck was insured under USF & G's Worker's Compensation and Employer's Liability Insurance Policy. (Def.'s 56.1 ¶ 6). Part Two of the policy is the ELI Policy. (Def.'s 56.1 ¶ 6). The ELI Policy contains the following relevant provisions:

**A. How This Insurance Applies**

This employer's liability insurance applies to bodily injury by accident or bodily injury by disease. Bodily injury includes resulting death.

1. The bodily injury must arise out of and in the course of the injured employee's employment by you.

2. The employment must be necessary or incidental to your work.

3. Bodily injury by accident must occur during the policy period.

4. Bodily injury by disease must be caused or aggravated by the conditions of your employment...

**B. We Will Pay**

We will pay all sums you legally must pay as damages because of bodily injury to your employees, provided the bodily injury is covered by this Employer's Liability Insurance.

The damages we will pay, where recovery is permitted by law, include damages:

1. For which you are liable to a third party by reason of a claim or suit against you by that third party to recover the damages claimed against such third party as a result of injury to your employee;

   ...

   provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you; and

4. Because of bodily injury to your employee that arises out of and in the course of employment, claimed against you in a capacity other than as employer.

**C. Exclusion**

This insurance does not cover:

3. Bodily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers.

5. Bodily injury intentionally caused or aggravated by you.

7. Damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions.

**D. We Will Defend**

We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance...

**I. Actions Against Us**

There will be no right of action against us under this insurance unless:

1. You have complied with all the terms of this policy; and ...

PART FOUR – YOUR DUTIES IF INJURY OCCURS

Tell us at once if injury occurs that may be covered by this policy...

3. Promptly give us all notices, demands, and legal papers related to the injury, claim, proceeding, or suit.

(Def.'s 56.1 ¶ 7,8,9, Pl.'s Ex. B).

Arvans, a former employee of John Buck, filed a lawsuit against John Buck, Allstate Life Insurance Company ("Allstate"), and ASP Wheelie, L.L.C. in the Circuit Court of Cook County on December 10, 1999 ("the underlying action"). (Def.'s 56.1 ¶ 10). Arvans had been employed by John Buck from June 1995 to December 1997, when he was terminated. (Pl.'s 56.1 ¶ 4). On or about August 3, 1998, Arvans learned hat he was infected with the Hepatitis C virus. (Pl.'s 56.1 ¶ 5).

Count I of the underlying action alleges "Improper Maintenance of Real Property" against Allstate, the owner of the building in which Arvans worked as an employee of John Buck. (Def.'s 56.1 ¶ 11). Count I alleges that Arvans contracted Hepatitis C as a direct and proximate result of Allstate's improper maintenance of the building. (Def.'s 56.1 ¶ 12).

Count II of the underlying action alleged "Intentional Infliction of Emotional Distress." Arvans further alleges that John Buck "knew and intended that [Arvans] ... would suffer injury or death from the conditions to which [Arvans] was intentionally exposed." (Pl.'s 56.1 ¶ 8).

On December 27, 1999, John Buck tendered the Arvans complaint to USF & G, requesting coverage under Part Two of its Worker's Compensation and Employer's Liability Policy. (Pl.'s 56.1 ¶ 11). On March 27, 2000, USF & G sent a letter to John Buck, denying coverage under the policy. (Pl.'s 56.1 ¶ 12).

On February 23, 2000, Allstate filed a Third-Party Complaint against John Buck, seeking contribution and indemnification for all damages incurred by Allstate as a result of Arvans' first claim. (Def.'s 56.1 13). This Complaint alleges that John Buck was "in complete control of the plaintiff and his job duties." (Def.'s 56.1 ¶ 14). Allstate further alleges that it is entitled to indemnification by John Buck under the terms of the Management Agreement, which stated that

John Buck "agreed to indemnify and hold Allstate harmless for any alleged acts of Buck in the cleaning and maintaining" of the building. (Def.'s 56.1 ¶ 15,16).

## DISCUSSION

Plaintiff USF & G moves for summary judgment on its claims, seeking a declaratory judgment that it is not obligated to defend or indemnify Defendant John Buck on either Count II of Arvans' Complaint or Allstate's Third-Party Complaint seeking contribution and indemnification on Arvans' Count I. Defendants have filed cross-motions for summary judgment on both claims.

"The construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court to determine." *Crawford Laboratories, Inc. v. St. Paul Insurance Company of Illinois*, 306 Ill.App.3d 538, 540, 715 N.E.2d 653, 656 (Ill. App. Ct. 1999). "Only where it is clearly apparent on the face of the complaint that the claim is beyond policy coverage can the insurer justifiably refuse to defend." *Crawford Laboratories, Inc. v. St. Paul Insurance Company of Illinois*, 306 Ill.App.3d 538, 540, 715 N.E.2d 653, 656 (Ill. App. Ct. 1999).

Exclusionary provisions in insurance contracts are given effect only when they are clear, definite, and explicit. *National Union Fire Insurance Company of Pittsburgh v. Glenview Park District*, 158 Ill.2d 116, 122, 632 N.E.2d 1039, 1041 (Ill. App. Ct. 1994). Once a duty to defend is found regarding one claim in a complaint, the insurer must defend the insured with regard to remaining theories of recovery. *National Union Fire Insurance Company of Pittsburgh, PA v. Glenview Park District*, 158 Ill.2d 116, 122, 632 N.E.2d 1039, 1041 (Ill. App. Ct. 1994).

*Count II: Intentional Infliction of Emotional Distress*

Plaintiff USF & G is not obligated to defend or indemnify John Buck under the ELI policy because Arvans' claim for emotional distress does not constitute an "accident" under the policy.

The courts of Illinois have defined the term "accident" as follows: "[A]n unforeseen occurrence, usually of an untoward or disastrous character or an undesigned sudden or unexpected event of an inflictive or unfortunate character." *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill. App.3d 617, 619, 411 N.E.2d 1157 (1980). "[A]n occurrence which is defined as an accident involves the consideration of whether the injury was expected or intended from the standpoint of the insured." *State Farm Fire & Casualty Co. v. Watter*, 268 Ill. App. 3d 501, 506 (Ill. App. Ct. 1995). Conversely, in Illinois, to prove a claim for intentional infliction of emotional distress, a plaintiff must show that "defendants' conduct was such that defendants knew that severe emotional distress would be substantially certain to result." *Vickers v. Abbott Laboratories*, 308 Ill. App. 3d 393, 409, 719 N.E.2d 1101, 1114 (Ill. App. Ct. 1999). Thus the "distress" alleged in Arvans' claim for intentional infliction of emotional distress must be expected and therefore would not qualify as an "accident" under the policy. Arvans' Count I specifically alleges that he "was subject to the following intentional practices by Fred Groh, Mark Todd, Dan Wagner and other [sic] which they know [sic] would cause severe emotional distress..." Since Arvans has alleged that Defendants' expected the resulting damage, this claim does not qualify for coverage under the ELI policy.

Plaintiff's Motion for Summary Judgment [7] is GRANTED. USF & G did not have a duty to defend John Buck on Arvan's claim for emotional distress under the ELI policy. Defendant's Motion for Summary Judgment [10] is DENIED.

*Allstate Complaint*

Plaintiff makes three arguments in seeking summary judgment on its claim for a declaratory judgment that it is not obligated to defend or indemnify Defendants on Allstate's complaint. Plaintiff argues that: (1) the ELI Policy does not cover employment in violation of law; (2) the ELI

-7-

Policy does not cover the intentional conduct alleged in this count; and (3) Defendants' failure to notify Plaintiff promptly of Allstate's lawsuit absolves Plaintiff from having to defend it.

Plaintiff's argument based on the policy exclusion for violations of law is not persuasive. Although the ELI Policy excludes coverage for "[b]odily injury to an employee while employed in violation of law with your actual knowledge or the actual knowledge of any of your executive officers," Allstate's claim is not barred since Arvans' Count I alleges that only "Allstate Life Insurance Company and ASP Wheelie L.L.C. knew or had constructive knowledge that the accumulation of grease together with other raw sewage was a ... violation of applicable health codes..." The claim alleges nothing about John Buck's knowledge of the illegality.

Plaintiff's argument based on the policy exclusion for intentional acts is similarly unpersuasive. Although the ELI Policy explicitly excludes "bodily injury intentionally caused or aggravated by you [John Buck]," Allstate's claim does not fall within this exclusion since neither it nor Arvans' Count I alleges that USF & G <u>intentionally caused Arvans' injury</u>. Rather, Allstate's Complaint against John Buck alleges liability based on John Buck's "complete control of the plaintiff and his job duties and responsibilities, as well as the sewer vault." (Third-Party Complaint of Allstate at 2).

Plaintiff's third argument based on Defendants' failure to provide prompt notification also fails to merit summary judgment.

Illinois law provides that "[n]otice provisions in insurance policies are valid prerequisites to coverage and not mere technical requirements, which the insured is free to overlook with impunity." *American States Ins. Co. v. National Cycle, Inc.* 260 Ill. App. 3d 299, 309, 631 N.E.2d 1292, 1299 (Ill. App. Ct. 1994). However, before an insurer can be relieved of its duty to indemnify the insured

on the basis of its failure to give notice of the lawsuit, the insurer must prove that it was prejudiced by the delay. *Rice v. AAA Aerostar, Inc.*, 294 Ill. App. 3d 801, 808 (Ill. App. Ct. 1998). *See also Illinois Founders Ins. Co. v. Barnett*, 304 Ill. App.3d 602, 611, 710 N.E.2d 28, 35 (Ill. App. Ct. 1999)("[w]hen notice of the lawsuit is at issue, the rule is that the insurer is required to show that it was prejudiced by the insured's omission or delay in order to escape liability on its policy").

Although John Buck waited almost eight months to notify Plaintiff after Allstate filed its third-party complaint on February 23, 2000, Plaintiff has not met its burden of showing prejudice. Plaintiff has not offered facts substantiating its claim that it was disadvantaged. Plaintiff has not shown this delay prevented it from playing a meaningful role in the litigation. Thus, Defendants' delay cannot be considered unreasonable as a matter of law based on the existing facts. However, the parties' failure to present any relevant facts regarding the significance of this delay precludes summary judgment for either party. Whether notice was reasonable depends on the circumstances of the case." *American States Ins. Co.*, 260 Ill. App. 3d at 301, 631 N.E.2d at 1294.

Thus, Plaintiff's Motion for Summary Judgment on its duty to defend the Allstate claim [18] is DENIED without prejudice. Defendants' Motion for Summary Judgment on its duty to defend the Allstate claim [21] is also DENIED.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment on its duty to defend the Allstate claim [18] is DENIED, and Defendants' Motion for Summary Judgment on its duty to defend the Allstate claim [21] is also DENIED. Plaintiff's Motion for Summary Judgment [7-1] is GRANTED. USF & G did not have a duty to defend John Buck on Arvans' claim for emotional distress under the ELI Policy. Defendants' Motion for Summary Judgment [10] is DENIED.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: 8-29-01