Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2460 | **DATE** | 10/23/2001 |
| **CASE TITLE** | UNITED STATES FIDELITY & GUARANTY vs. THE JOHN BUCK COMPANY | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 11/14/01 at 9:30 a.m. Enter Memorandum Opinion And Order. Plaintiff's motion to reconsider [32-1] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 2 5 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 35 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | 01 OCT 24 PM 6:5 | date mailed notice |
| LG | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION.

UNITED STATES FIDELITY &
GUARANTY COMPANY

    Plaintiff,

v.

THE JOHN BUCK COMPANY and
BUCK MANAGEMENT GROUP

    Defendants.

Case No. 00 C 2460

The Honorable John W. Darrah

DOCKETED OCT 25 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff United States Fidelity and Guaranty Company ("Plaintiff" or "USF&G") filed a Motion to Reconsider this Court's Order of August 29, 2001 denying Plaintiff's Motion for Summary Judgment regarding Allstate's Third-Party Complaint, pursuant to Federal Rule of Civil Procedure 59(e). For the reasons that follow, USF&G's Motion to Reconsider [32-1] is denied.

## LEGAL STANDARD

Motions for reconsideration serve a limited function of correcting manifest errors of law or fact or presenting newly discovered evidence or an intervening change in the law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). Reconsideration is appropriate when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Spearman Indus., Inc. v. St. Paul Fire & Marine Ins. Co.*, 139 F. Supp. 2d 943, 945 (N.D. Ill. 2001) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F2d 1185, 1191 (7th Cir. 1990)). A motion for reconsideration cannot be used to introduce new legal theories for the first time, to raise legal



arguments that could have been heard during the pendency of the previous motion, or to present evidence that could have been adduced during the pendency of the original motion. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985); *In re Oil Spill by the "Amoco Cadiz" off the Coast of France on March 16, 1978*, 794 F. Supp. 261, 267 (N.D. Ill. 1992). Movants should not use a motion for reconsideration to rehash arguments previously rejected by the court. *Sikora v. AFD Indus., Inc.*, 18 F. Supp. 841, 844 (N.D. Ill. 1998).

## BACKGROUND

On February 22, 2001, Plaintiff filed a Motion for Summary Judgment regarding its duty to defend Defendants, the John Buck Company and the John Buck Management Group (collectively "John Buck"), against the Third Party-Complaint filed in the underlying litigation by Allstate Insurance Company ("Allstate").

Plaintiff argued that coverage was precluded because John Buck failed to provide timely notice of the Allstate Third Party Complaint. Plaintiff relied on two cases, *Twin City Fire Insurance Co. v. Old World Trading Co.*, 266 Ill. App. 3d 1, 8 (Ill. App. Ct. 1993) and *Northbrook Property & Casualty Insurance Co. v. Applied Systems, Inc.*, 313 Ill. App. 3d 457, 465-66 (Ill. App. Ct. 2000), in arguing that because of the erosion of the distinction between notice-of-occurrence and notice-of-suit cases, an insurer need not prove that it was prejudiced by an insured's breach of the notice clause in an insurance policy in a notice-of-suit case. Plaintiff also argued that coverage was precluded because of "violations of law" and "intentional acts" exclusions in its Employers Liability Insurance Policy.

On August 29, 2001, this Court entered a Memorandum Opinion and Order denying Plaintiff's Supplemental Motion for Summary Judgment because: (1) insurers are required to prove

prejudice to avoid their contractual obligations based on an insured's late notice of lawsuit and Plaintiff had not met its burden, and (2) Allstate's claim did not fall within the policy exclusion for intentional acts "since neither it nor Arvans' Count I alleges that [John Buck] <u>intentionally caused Arvan's injury.</u>" (Mem. Op. & Order at 8, 9.)

Plaintiff filed this Motion to Reconsider based in part on *Commercial Underwriters Insurance Co. v. Aires Environmental Services, Ltd.*, 259 F.3d 792 (7th Cir. 2001), which was decided after the summary judgment briefing was completed.

## DISCUSSION

Under Illinois case law, an insurer's lack of duty to defend or indemnify an insured based on late notice of an occurrence or late notice of a suit are treated differently. *See Montgomery Ward & Co., Inc. v. Home Ins. Co.*, 753 N.E.2d 999, 1005 (Ill. App. Ct. 2001); *Rice v. AAA Aerostar*, 294 Ill. App. 3d 801, 807 (Ill. App. Ct. 1998). "The purpose of notice of the occurrence is to enable the insurer to conduct a timely and thorough investigation of the insured's claim, while the purpose of notice of the lawsuit is to enable the insurer to locate and defend the suit." *Rice*, 294 Ill. App. 3d at 807 (citing *Kerr v. Illinois Central R.R. Co.*, 283 Ill. App. 3d 574, 585 (Ill. App. Ct. 1996)).

There is some uncertainty whether insurers who are claiming lack of duty to defend or indemnify based on late notice of a suit need to prove prejudice. *See Montgomery Ward & Co., Inc. v. Home Ins. Co.*, 753 N.E.2d 999, 1005 (Ill. App. Ct. 2001). However, although there is a difference of opinion, most Illinois courts and courts interpreting Illinois law have held that while insurers need not prove prejudice to be relieved of their duty to indemnify in notice-of-occurrence cases, "[w]hen notice of the lawsuit is the issue, the rule is that the insurer is required to show that it was prejudiced by the insured's omission or delay in order to escape liability on its policy." *Illinois Founders Ins.*

*Co. v. Barnett*, 304 Ill. App. 3d 602, 611 (Ill. App. Ct. 1999) (citing *Rice*, 294 Ill. App. 3d at 807-08); *see also Home Ins. Co. v. Three I Truck Line, Inc.*, 59 F. Supp. 2d 734, 736 (N.D. Ill. 1999); *Montgomery Ward & Co.*, 753 N.E.2d at 1005 (holding insurer need not show it was prejudiced because it was a notice-of-occurrence case); *Cincinnati Ins. Co. v. Baur's Opera House, Inc.*, 296 Ill. App. 3d 1011, 1018 (Ill. App. Ct. 1998) (holding insurer must show prejudice as a result of insured's failure to timely notify it of a lawsuit).

As mentioned above, USF&G argues that this Court was mistaken in ruling that it needed to prove prejudice in order to deny coverage based on John Buck's late notice of suit because the Seventh Circuit recognized the erosion of the distinction between notice-of-occurrence and notice-of-suit cases in *Commercial Underwriters Insurance Co. v. Aires Environmental Services, Ltd.*, 259 F.3d 792 (7th Cir. 2001), which was decided after briefing in support of the summary judgment motions had concluded. USF&G argues that based on this "erosion" of the distinction between notice-of-occurrence and notice-of-suit cases, it did not need to prove it had been prejudiced by late notice of the suit by John Buck. Therefore, based on this intervening change in the law, USF&G argues, the Court should reconsider its denial of this issue of USF&G's Motion for Summary Judgment.

In *Commercial Underwriters*, the defendant notified its general liability carrier, the plaintiff, that it had been named as a defendant in a lawsuit. 259 F.3d at 793. "After investigating the claim, [the plaintiff] denied coverage, alleging that [the defendant] had breached the insurance contract by failing to give [the plaintiff] timely notice of the *occurrence* that gave rise to the claim." *Commercial Underwriters*, 259 F.3d at 793-94 (emphasis added). The insured "had a contractual duty to give notice to [the insurer] 'as soon as practicable of any occurrence or an offense that may result in a

claim.'" *Commercial Underwriters*, 259 F.3d at 795. Thus, *Commercial Underwriters* is a notice-of-occurrence case.

USF&G acknowledges that *Commercial Underwriters* is a notice-of-occurrence case but argues that the Seventh Circuit has rejected the prejudice requirement. USF&G points to the following language in support of this claim: "Although we may consider lack of prejudice to the insurer as one factor in determining whether notice was timely given, an insurer need not prove that it was prejudiced in order to deny coverage." *Commercial Underwriters*, 259 F.3d at 796 (citing *Twin City Fire Ins. Co.*, 266 Ill. App. 3d at 8-9; *Sisters of Divine Providence v. Interstate Fire & Casualty Co.*, 117 Ill. App. 3d 158, 162-63 (Ill. App. Ct. 1983)). USF&G argues that the Seventh Circuit's reliance on two notice-of-suit cases in deciding a notice-of-occurrence case shows that in the Seventh Circuit there is no distinction between notice-of-occurrence and notice-of-suit cases.

This argument takes the cited passage out of context. It is clear that *Commercial Underwriters* is limited to notice-of-occurrence cases. *Commercial Underwriters* clearly states that "Illinois law provides that the failure to fulfill a condition precedent that requires timely notice of *potential* claims relieves the insurer of any duty to defend or indemnify the insured." 259 F.3d at 796 (emphasis added). It goes on to state that "the duty to notify the insurer of an *occurrence*" arises when it would appear to a reasonably prudent person that a claim potentially covered by the insurance policy may be brought against the insured. *Commercial Underwriters*, 259 F.3d at 796 (emphasis added).

USF&G also argues that the fact that the *Commercial Underwriters* court cited *Twin City Fire Insurance* and not *Rice* or *Illinois Founders Insurance* proves that the Seventh Circuit was upholding the "erosion" of the distinction between notice-of-occurrence and notice-of-suit cases.

However, it is clear that the Seventh Circuit did not cite *Rice* or *Illinois Founders Insurance* because they are notice-of-suit cases, not notice-of-occurrence cases. As noted previously, the issue involved in *Commercial Underwriters* was late notice of an occurrence, not late notice of a suit, as in the instant case. In *Commercial Underwriters,* the insurer argued that the insured's delay in notifying it of the accident was unreasonable because a reasonably prudent person in the insured's position would have expected suit at the time of the accident. 259 F.3d at 797. Furthermore, it is clear that the Seventh Circuit cited *Twin City* and *Sisters of Divine Providence*, two notice-of-suit cases, because "[m]ost of the cases cited in support of [the insurer's] argument that [the insured's] notice was untimely involve situations where the insured waited a significant time before providing notice to its insurer even after suit had been filed." *Commercial Underwriters*, 259 F.3d at 797.

Furthermore, if the Seventh Circuit intended to erode the distinction between notice-of-occurrence and notice-of-suit cases, it would have done so in a direct manner. For example, in *Northbrook Property & Casualty Ins. Co. v. Applied Systems, Inc.*, 313 Ill. App. 3d 457, 465 (Ill. App. Ct. 2000), the court stated that "[a] review of [notice-of-suit and notice-of-occurrence] cases reveals that, regardless of the type of notice involved, the courts generally apply the same legal principles in their analyses." Thus, there is no language in *Commercial Underwriters* that suggests that the Seventh Circuit has recognized any "erosion" of the distinction between notice-of-occurrence and notice-of-suit cases.

The Illinois Supreme Court has not addressed the issue of whether an insurer must show prejudice to avoid liability based on an insured's late notice of a suit. However, USF&G has not presented any case law or facts that "hint that the Illinois Supreme Court, if confronted with the issue, would not resolve it in the same way as" the Appellate Districts in *Rice* or *Illinois Founders*

*Insurance. Three I Truck Line*, 59 F. Supp. 2d at 736. Therefore, there has been no intervening change in the law requiring this Court to reconsider its decision.

Moreover, in its argument that the Court made a mistake in law in holding that insurers must prove prejudice in notice-of-suit cases, USF&G continues to direct the court's attention to the *Twin City Fire Insurance* and *Northbrook Property & Casualty Insurance* cases which it relied on in its Motion for Summary Judgment. Motions for reconsideration are not opportunities to rehash arguments previously rejected by the court. *Sikora*, 18 F. Supp. at 844. Redirecting the Court to these cases is merely rehashing an argument that was not persuasive at the time USF&G submitted its Motion for Summary Judgment and is not persuasive now.

USF&G next argues that the Court committed a mistake of fact in ruling that Allstate's claim against John Buck does not fall within the Employers Liability Insurance Policy exclusion for intentional acts because neither Allstate nor Arvans' Count I alleged that John Buck intentionally caused Arvans' injury. USF&G argues that Arvans and Allstate expressly alleged that John Buck intentionally caused Arvans' injuries. However, it is clear from the heading and prayer for relief that Arvans' Count I is directed solely at Allstate. Similarly, it is clear from the heading and prayer for relief that Arvans' Count II is directed solely at John Buck. Thus, this argument, also made previously, also fails.

USF&G's Motion to Reconsider does not raise any new factual material or controlling case law not known to the Court at the time of its previous disposition. Therefore, USF&G's Motion to Reconsider is denied.

## CONCLUSION

For the reasons stated herein, USF&G's Motion to Reconsider [32-1] is denied.

**IT IS SO ORDERED.**

Date: October 23, 2001

John W. Darrah, Judge
United States District Court